## OCIE ALLEN v. THE STATE.

No. 12907.   Delivered January 15, 1930.
Reported in 23 S. W. (2d) 726.

The opinion states the case.

*Murchison & Davis* of Haskell, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The conviction was under the count charging possession of intoxicating.liquor for sale.   The witness Purvis testified that he got twenty gallons of whisky from appellant° in December.   Witness Cousins testified that on the date in December referred to by Mr. Purvis, that Purvis delivered to him twenty gallons of whisky.   Witness Ligon testified that he bought whisky from appellant four times in the latter part of the summer before the sale testified to by Purvis. The testimony seems amply sufficient.

There are two bills of exception.   The first complains of the action of the court in permitting the witness Purvis to state upon re-direct examination by the State his reason for not arresting appellant at the time the sale of whiskey was made.   The bill shows that appellant's attorney asked him if it was not true that he did not then arrest appellant.   The subject having been broached by appellant, the State had the right to call for the explanation.   We might observe

that the only thing stated by the witness in reply to this question was that he was acting under cover and expected to come back and make other purchases, and to have arrested appellant at the time would have made it impossible for him to have discovered anything else.

Bill No. 2 shows that after the evidence was closed and before the reading of the court's charge, appellant moved the court to withdraw from the jury, and instruct them that they could not consider, the testimony of the State witness Ligon. The action of the trial court in this regard was entirely proper. No request had been made for an election on the part of the State as between transactions, and apparently no election made and for all we know from this record the State might have been relying entirely upon the testimony of Ligon and the transaction testified to by Ligon, to make out its case in chief.

No error appearing, the judgment will be affirmed.

*Affirmed.*